UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY ELIZABETH BEST, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner of the ) <br> Social Security Administration, ) <br> ) <br> Defendant. ) | Case No. C10-836-MJP-BAT <br><br> **REPORT AND RECOMMENDATION** |

Mary Elizabeth Best seeks review of the denial of her application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) by the Commissioner of the Social Security Administration. Tr. 16.  Ms. Best contends the ALJ erred by: 1) failing to find her premenstrual dysphoric disorder a severe impairment at step two; 2) failing to find her mental problems meet Listing 12.04 for affective disorders at step three; 3) finding she has the residual functional capacity to perform light work; and 4) misconstruing the vocational expert's testimony regarding the number of jobs Ms. Best can perform.  Dkt. 13.  For the reasons set forth below the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings.

     **I.**   **FACTUAL AND PROCEDURAL HISTORY**

Ms. Best is thirty-four years old, has a high school diploma, three years of college

REPORT AND RECOMMENDATION- 1

1  education, and past work experience as an electronics technician, assembly worker, and as a

2  cashier. Tr. 62, 462. On March 15, 2005, she applied for DIB and SSI, alleging disability as of

3  December 1, 1999. Tr. 62. Her application was denied. Tr. 5, 50. After a hearing on June 19,

4  2007, the ALJ issued a decision on September 24, 2007 finding Ms. Best not disabled. Tr. 13-

5  27. The Appeals Council denied Ms. Best's request for review, making the ALJ's decision the

6  final decision of the Commissioner. Tr. 5.

## II.   THE ALJ'S DECISION

8      Applying the five-step sequential evaluation process for determining whether a claimant is

9  disabled,[1] the ALJ found at step one that Ms. Best has not engaged in substantial gainful activity

10  since the alleged onset date. Tr. 18.

11      At step two, the ALJ found Ms. Best has the following severe impairments: depressive

12  disorder, obesity, hypermobility syndrome, and fibromyalgia. *Id.*

13      At step three, the ALJ found Ms. Best's impairments do not meet the requirements of a

14  listed impairment.[2]

15      Before proceeding to step four, the ALJ found Ms. Best has the residual functional capacity

16  (RFC) to perform light work that involved no repetitive handling or fingering. Tr. 21.

17      At step four, the ALJ found Ms. Best is unable to perform her past work. Tr. 25.

18      And at step five, the ALJ found, considering Ms. Best's personal circumstances and RFC,

19  there are jobs that exist in significant numbers in the national economy she can perform. The

20  ALJ thus concluded she is thus not under disability from December 6, 1999, through the date of

21  the decision. Tr. 27.

22

23  
[1] 20 C.F.R. §§.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION- 2

### III.   STANDARD OF REVIEW

This Court may set aside the Commissioner's denial of disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). The ALJ determines credibility and resolves conflicts and ambiguities in the evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

### IV.   DISCUSSION

**A.  The ALJ's Step Two Determination**

Ms. Best argues the ALJ erred at step-two by failing to find that her premenstrual dysphoric disorder (PMDD) is a severe impairment. She argues this disorder "significantly affects [her] occupational functioning by severely limiting [her] ability to engage in work activities." Dkt. 13 at 5. The Court rejects this argument. First, it is a bald statement that is not supported by citation to any evidence in the record or legal authority. Such assertions fail to explain to the Court why or how the ALJ erred.

Second, the record does not show Ms. Best was diagnosed with PMDD by an acceptable medical source. The record contains a short handwritten note by a mental health counselor, Bruce Purvine, M.S., LMHC, indicating Ms. Best has PMDD. Tr. 365. However, a mental health counselor is not an acceptable medical source and the Court therefore cannot rely on Mr. Purvine's opinion alone. *See* 20 C.F.R. § 404.1513(a).[3] Moreover, as the ALJ mentioned, Mr.

---

[3] 20 C.F.R. § 404.1513(a)(2) indicates acceptable medical sources who can provide evidence to

REPORT AND RECOMMENDATION- 3

1  Purvine's note fails to show how he reached his diagnosis, fails to describe Ms. Best's

2  symptoms, and provides no basis to determine what limitations, if any, PMDD causes.  Tr. 19.

3  Accordingly, the ALJ did not err at step two in finding Ms. Best failed to show PMDD is a

4  severe impairment.

5      **B.  The ALJ's step-three determination**

6      Ms. Best argues the ALJ erred in failing to find that she meets Listing 12.04 for affective

7  disorders.  Dkt. 13 at 6.  In support of this argument, Ms. Best lists a series of symptoms

8  including depressed mood, social withdrawal, anxiety, problems falling asleep, feeling tired, and

9  limitations in the activities of daily living that, according to her, meet Listing 12.04.  Dkt. 13 at

10 6-7.  However, it appears she commingles her psychological symptoms with her physical

11 symptoms in claiming she is limited in the activities of daily living.  *Id*.  To the extent that Ms.

12 Best's physical symptoms limit her activities of daily living, these complaints lend absolutely no

13 support to her argument that she meets Listing 12.04.  The remaining psychological symptoms

14 she mentions fall far short of the 12.04 listing requirements.  Specifically, she does not appear to

15 satisfy the mixed criteria of subsections A and B, or in the alternative, to satisfy subsection C.

16 *See* 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.04.

17     As the ALJ noted, a claimant must have mental impairments resulting in "marked

18 restrictions" to meet paragraph B of listing 12.04.  Tr. 20-21.  Here, the ALJ found Ms. Best has

19 only mild restrictions or difficulties.  *Id.*  The ALJ also found Ms. Best does not meet the

20 requirements of paragraph C because she has not experienced repeated episodes of

21 decompensation, does not have such marginal adjustment that a minimal increase in mental

---

22 establish a medically determinable impairment include licensed or certified psychologists.
   Mental health counselors, such as Mr. Purvine, as not included in this classification, thus Mr.
23 Purvine's opinion alone that Ms. Best suffers from PMDD is not sufficient for purposes of
   establishing the condition as one of her severe impairments at step two.

REPORT AND RECOMMENDATION- 4

demands or change in environment would cause decompensation, and she has not suffered more than a year's inability to function outside a highly supportive living arrangement. *Id.* Ms. Best presents nothing to show these findings are erroneous.

The Commissioner directs the Court to portions of the record that further support the ALJ's determination that Ms. Best does not meet the 12.04 listing requirements. As the Commissioner argues, the record shows Ms. Best can care for her personal needs, care for her plants and pets, can interact with co-workers and the public, has mild limits in concentration and performing tasks, has no episodes of decompensation and can adjust to changes in the workplace. Dkt. 15 at 14-16. Ms. Best presents nothing to the contrary. The Court therefore will not disturb the ALJ's step three determination.

**C.  The ALJ's Residual Functional Capacity Assessment**

Ms. Best claims the ALJ erred in determining that she has the RFC to perform light work. However, her arguments to support this claim are not the model of clarity. She appears to argue the ALJ erred by: (1) failing to consider her PMDD; (2) rejecting Dr. Richard Martin's opinions; (3) improperly discounting her fibromyalgia; and (4) improperly assessing her credibility. *See* Dkt. 13 at 7-9.

**1.    Consideration of PMDD**

Ms. Best argues that the ALJ erred in failing to consider her PMDD when determining her RFC. Dkt. 13 at 7. As the Court previously discussed, PMDD is not among Ms. Best's severe impairments because no acceptable medical source made the diagnosis. Moreover, the effect of PMDD, if any, on Ms. Best's RFC is unknown. Even if PMDD is considered as a non-severe impairment, the record fails to identify any limitations caused by PMDD. The ALJ therefore did not err in omitting PMDD when assessing Ms. Best's RFC.

REPORT AND RECOMMENDATION- 5

### 2. Evaluation of Dr. Richard Martin's opinions

Ms. Best states the ALJ "concedes that he is aware of Dr. Martin's 'dire summary.'" Dkt. 13 at 8. The Court construes this statement as an argument the ALJ erred in discounting Dr. Martin's opinion. The Commissioner appears to construe Ms. Best's statement similarly—the Commissioner argues the ALJ properly rejected Dr. Martin's opinion based on Ms. Best's entire medical record. Dkt. 15 at 16.

Dr. Martin opined Ms. Best could not stand or walk more than two hours in an eight hour workday due to hypermobility syndrome and fibromyalgia, fatigued rapidly at sedentary tasks, could not lift or carry significant weight, and had postural, lifting and manipulative limitations. Tr. 176. Dr. Martin opined Ms. Best may be able to perform sedentary work, but her use of pain medication might preclude working in a sedentary setting. *Id.*

The ALJ rejected Dr. Martin's opinions on the grounds that they were just a one-time "snap-shot" of Ms. Best's condition, and Ms. Best's medical history showed a much lower level of dysfunction than that described by Dr. Martin. Tr. 25. However, Dr. Martin is an examining physician. Where not contradicted by another physician, an examining physician's opinion may be rejected only for "clear and convincing reasons." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). Where contradicted, an examining physician's opinion may not be rejected without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id*. An ALJ does this by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation of the facts and evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The reasoning offered by the ALJ for discounting Dr. Martin's opinion is not legally sufficient under these standards and further lacks support in the record.

REPORT AND RECOMMENDATION- 6

1  The ALJ cited the following portions of the record to support his conclusion regarding Dr. Martin's opinion.  In 2005, the Disability Determination Services (DDS) found Ms. Best's only established condition was obesity, and the condition was "non-severe." [4]  Tr. 21.  The ALJ also cited the Washington State Department of Social and Health Services (DSHS) determination that Ms. Best was limited to sedentary work, but discounted this opinion as he found it was based on Ms. Best's subjective complaints. Tr. 21.  "But an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."  *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1199-1200 (9th Cir. 2008).  The ALJ thus improperly discounted the DSHS determination.

 The ALJ noted treating physician, Dr. Robert Dini M.D.,[5] opined in September 2006 that Ms. Best's depression did not impose any limits.  Tr. 21.   Dr. Dini stated "in terms of her depression, she is actually doing quite well, this is much improved from previous visits; I think this is currently not limiting her however; physically, she still has her symptoms; this is chronic and affects her function.  She has easy fatigue and frequent flaring of pain symptoms." Tr. 374.  While this opinion indicates Ms. Best's depression was well managed, it is not contrary to Dr. Martin's opinions that Ms. Best still had limiting physical problems, or that Ms. Best is limited to sedentary, not light work.  In fact, it appears Dr. Dini shares Dr. Martin's opinion that Ms. Best's physical condition limits her to sedentary work.  Tr. 195.

 The ALJ also noted Dr. Rufino Ramos opined Ms. Best had normal mental findings and a good memory despite having a depressed mood. Tr. 23.  But, the ALJ selected only certain

---

[4] *See* Tr. 112 (DDS findings).

[5] The Commissioner notes, and the Court agrees, the ALJ erroneously attributed this finding to Dr. Triguero when it should be attributed to Dr. Dini. Dkt. 15 at 16.

REPORT AND RECOMMENDATION- 7

statements made by Dr. Ramos and omitted others, as Dr. Ramos also found Ms. Best "suffers from chronic fatigue with depressive features. She may be able to perform simple tasks but seems to have low level energy and motivation." Tr. 171. The ALJ also noted that in 2006, Dr. Trigueiro opined Ms. Best had good energy and concentration, was interacting with friends, and sleeping well. Tr. 23, 373. In any event, as the opinions of Dr. Ramos and Dr. Trigueiro pertain Ms. Best's mental problems, they do not undercut Dr. Martin's opinions which are based on Ms. Best's physical problems.

In short, Ms. Best's medical history does not support the ALJ's decision to discount Dr. Martin's opinion, and the ALJ failed to give legally sufficient reasons for doing so. Based upon this erroneous conclusion regarding the medical evidence, the ALJ erred in finding Ms. Best has the RFC to perform light work. On remand, the ALJ must reassess Ms. Best's RFC giving proper weight to the medical evidence.

### 3. Evaluation of Fibromyalgia

The ALJ discounted Ms. Best's claims about fibromyalgia on the grounds that there was "little testing or objective medical findings to support her allegations." Ms. Best argues, and the Court agrees, discounting Ms. Best's fibromyalgia on these grounds is improper. "Fibromyalgia is diagnosed entirely on the basis of patients' reports of pain and other symptoms. The American College of Rheumatology issued a set of agreed-upon diagnostic criteria in 1990 (tender points), but to date there are no laboratory tests to confirm the diagnosis." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). An ALJ cannot "effectively requir[e] 'objective' evidence for a disease that eludes such measurement." *Id*. at 594 (citing *Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2nd Cir. 2003)); *see also Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996). The nature of fibromyalgia thus requires doctors to rely on patients' subjective reporting of

REPORT AND RECOMMENDATION- 8

symptoms. While the ALJ found Ms. Best suffers from fibromyalgia, he discounted its effects. The ALJ gave no grounds, other than improper grounds, to minimize the effects of this impairment, as more objective means to evaluate Ms. Best's fibromyalgia simply are not available. The Court concludes the ALJ erred in making this determination. On remand, the ALJ must use legally sufficient standards in evaluating Ms. Best's fibromyalgia.

### 4. Ms. Best's Credibility

In evaluating the credibility of a claimant's testimony about subjective symptoms, the ALJ must first determine whether a claimant's medically determinable impairments could reasonably be expected to produce some degree of the alleged symptoms. *See* 20 C.F.R. §§ 404.1529; 416.929. If so, and if there is no affirmative evidence of malingering, the ALJ may only reject a claimant's testimony about the severity of her symptoms by making specific findings, stating clear and convincing reasons for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996).

The ALJ may consider "ordinary techniques of credibility evaluation" including the claimant's reputation for truthfulness, inconsistencies in her testimony or between her testimony and conduct, her daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains. *Id.* at 1284. In making this determination, questions of credibility and resolutions of conflicts in the testimony are solely functions of the ALJ. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Here, Ms. Best's testimony that she is completely unable to work is in conflict with the opinions of Ms. Best's treating physician Dr. Dini, and examining physician Dr. Martin, who both opined she might be able to perform sedentary work. While Ms. Best argues the ALJ erred

REPORT AND RECOMMENDATION- 9

in discounting her testimony, she fails to cite to the record, or to provide any legal authority to support this claim of error. In light of these medical opinions, the ALJ properly discounted Ms. Best's testimony when he concluded that the medical record does not support her claimed limitations. Tr. 24.

The ALJ also discounted Ms. Best's credibility on the grounds she was not following treatment recommendations. Tr. 24. Unexplained, or inadequately explained, failure to seek treatment or to follow a prescribed course of treatment is a clear and convincing reason to question a claimant's credibility. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Here, the ALJ cited Dr. Dini's statements (Tr. 391) that Ms. Best was not doing anything to get better and not following recommendations to increase activity and movement. Tr. 24. Ms. Best's failure to follow treatment recommendations was thus another factor properly used by the ALJ to discount her testimony.

Accordingly, the Court concludes the ALJ provided specific, clear and convincing reasons to discount Ms. Best's testimony. The ALJ's reasoning is supported by substantial evidence. The Court thus will not disturb the ALJ's determination regarding Ms. Best's credibility.

**D.  The ALJ's Assessment of the Vocational Expert's Testimony**

The parties agree (Dkt. 13 at 10; Dkt. 15 at19), and the Court also notes the ALJ misinterpreted the VE's testimony regarding the number of call out operator jobs that exist in the local and national economies.[6] Purportedly citing the VE's testimony, the ALJ stated in his opinion, "the individual would be able to perform the requirements of representative occupations

---

[6] At step five of the disability determination process, the burden is on the Commissioner to demonstrate that the claimant can perform a significant number of jobs in the national economy, other than the claimant's past work, taking into consideration the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett v. Apfel*, 180 F.3d 1094, 1099-1100 (9th Cir. 1999).

REPORT AND RECOMMENDATION- 10

such as a call out operator . . . sedentary unskilled work that has 1,500 positions in the regional economy and 50,000 positions in the national economy." Tr. 26.  However, the record indicates the VE testified that only fifty such jobs exist in state with another 1,500 nationwide. Tr. 492.  The parties now dispute whether this job exists in "significant numbers."  However, the Court need not reach the merits of their arguments at this time.  As addressed above, the ALJ erred in determining Ms. Best's RFC, and will thus need to reassess both steps four and step five on remand.

## V.   CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings .  On remand, the ALJ should: (1) evaluate Ms. Best's RFC in light of Dr. Martin's and Dr. Dini's opinions regarding Ms. Best's physical limitations; (2) further develop the medical evidence in the record as deemed necessary; and (3) reassess steps four and five of the sequential evaluation process as necessary and with the assistance of a VE if deemed appropriate.  A proposed order accompanies this Report and Recommendation.

DATED this 1st day of December, 2010.

BRIAN A. TSUCHIDA  
United States Magistrate Judge